**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | 3:01-cr-00151-4 JWS | |
| ) | | |
| vs. ) | ORDER AND OPINION | |
| ) | | |
| LENNY URENA, ) | [Re: Motion at Docket 629] | |
| ) | | |
| Defendant. ) | | |
| ) | | |

## I. MOTION PRESENTED

At docket 629, defendant Lenny Urena ("Urena") moves for a reduction in his sentence based upon the two-level reduction in the guideline offense level for sentences imposed in relation to cocaine base ("crack") drug trafficking offenses which has been made retroactive pursuant to 18 U.S.C. § 3582(c). Urena asks that his sentence on his drug trafficking conviction be reduced from 108 months to not more than 87 months. At docket 661, the United States opposes the motion, and Urena replies at docket 665.

## II. DISCUSSION

In the eighty-count First Superseding Indictment, Urena and eight co-defendants were indicted on numerous controlled substance and firearms violations. Urena was charged with a drug conspiracy, a firearms conspiracy, numerous counts of distributing controlled substances, and numerous firearms violations. Urena and all but two of his co-defendants pled guilty. Urena pled to one drug trafficking charge and one weapons charge. His total sentence was 178 months comprised of 108 months on the drug

charge and 60 months mandatory consecutive on the weapons charge. The sentence on the drug charge was based on a Criminal History Category of III and an adjusted Offense Level of 29 which established a Guideline range of 108 to 135 months.

One of the two co-defendants who went to trial, Alex Contreras, was convicted on numerous charges, including two firearms charges, and was sentenced to 481 months. Contreras was actually charged with fewer counts than Urena. It is an understatement to say that the relevant conduct associated with Urena's crimes of conviction was very, very serious. To put a finer point on it, the relevant conduct established in connection with Urena's crimes of conviction shows that he was a very dangerous man whose separation from society for a substantial period of time was appropriate and necessary to protect society from Urena.

In its opposition, the United States points out that Urena has continued to be involved with controlled substances and weapons even while he is incarcerated.[1] Urena does not deny this, but points out that as a result he has lost "good time" which would otherwise reduce his sentence.[2] Urena also argues that by virtue of a provision in the plea agreement, the United States is precluded from arguing against a reduction in the sentence, because pursuant to that provision, the government agreed to recommend a sentence at the low end of the applicable guideline range. Whether or not it is open to the United States to oppose a reduction in Urena's sentence now, it is the court's responsibility to fashion a sentence which is appropriate under all of the circumstances.

Given the relevant conduct associated with the crimes of conviction, Urena's behavior while incarcerated, and with due regard for all of the factors set out in 18 U.S.C. § 3553(a), the sentence originally imposed remains appropriate. In particular, it should be noted that the existing sentence is one which takes into account the nature and circumstances of the offense and the history and characteristics of the defendant. Moreover, it is a sentence which will deter others from dealing drugs while slinging guns, and it is necessary to protect society from further criminal conduct by Urena. This

---

[1] Doc. 661 at 2-3.

[2] Doc. 665 at 3.

last factor retains the vitality it had at the time of the original sentencing, because of Urena's behavior in prison. Furthermore, the sentence is consistent with the new Guideline range on the drug crime, for it falls within the new range at a level 27 which is 87 to 108 months. Finally, the existing sentence is not more than necessary to accomplish the goals established by Congress in 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the reasons above, the motion at docket 629 is **DENIED**.

DATED at Anchorage, Alaska this 11th day of August 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE